**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————

No. 24-12688

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

SAMUEL KWUSHUE,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:15-cr-00398-SCJ-JFK-1

————————————

Before ROSENBAUM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Samuel Kwushue appeals from the district court's denial of his petition for *coram nobis* relief. In his petition he raised claims of (1) jurisdictional error, (2) factual innocence and due process error, and (3) ineffective assistance of counsel.

"The bar for coram nobis relief is high." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). To qualify for *coram nobis* relief, the petitioner must identify an error involving "a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Id.* (quotation omitted). But even if he can identify such an error, the court may grant *coram nobis* relief only "when there is and was no other available avenue of relief." *Id.*

We review "denial of coram nobis relief for abuse of discretion." *Id.* Although the district court evaluated Kwushue's claims on their merits, we may "affirm on any ground supported by the record, regardless of whether that ground was relied upon or even considered below." *Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1292 (11th Cir. 2025) (quotation omitted).

Here, the district court did not abuse its discretion because each of Kwushue's errors could have been—*and actually was*—raised earlier in his December 2018 motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. Not only was there another avenue of relief available to Kwushue, but he already availed himself of it. *Coram nobis* does not offer him another bite at the same apple. **AFFIRMED.**[1]

---

[1] The Court appointed Bryan W. Lutz of Alston & Bird LLP to represent Kwushue in this appeal. Lutz and his colleague Jason Sigalos submitted excellent briefing in this case on an issue the Court raised, and we thank them for accepting the appointment and for their capable advocacy.